# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | No. ACM S32734 |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Hector D. MANZANO TARIN** | ) | |
| **Senior Airman (E-4)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 2** |

On 6 June 2022, Appellant was tried by a special court-martial at Hill Air Force Base, Utah. In accordance with his pleas, and pursuant to a plea agreement, a military judge found Appellant guilty of one specification of conspiracy, and one specification of larceny, in violation of Articles 81 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 921.

On 9 May 2023, Appellant filed his brief, raising three issues before this court: (1) that the "military judge erred by admitting evidence that Appellant possessed a mortgage as rebuttal to his unsworn statement that his motive was to assist his brother;" (2) that the record of trial (ROT) is incomplete in that the stipulation of fact in the record of trial is not what was admitted during the court-martial; and (3) that his sentence is inappropriately severe and therefore his bad-conduct discharge should be set aside.

This order addresses Appellant's second raised issue. Upon review, Prosecution Exhibit 1, the stipulation of fact in the record of trial, consists of a total of 48 pages, and includes four separate attachments: (1) AAFES return policy (two pages); (2) EMT AAFES statement, dated 15 December 2021 (12 pages); Appellant's brother's statement (13 pages), (3) Appellant's brother's answers to S21, dated 24 January 2022 (one page); and (4) AAFES receipts (27 pages). First, according to Appellant and supported by the record, the pages to the stipulation of fact were not numbered at trial, but are numbered in the ROT. Appellant highlights the acknowledgement from the Government that the case paralegal altered the admitted prosecution exhibit post-trial by including page numbers. Secondly, Appellant directs the court's attention to Attachments (2) and (4) to the stipulation of fact; specifically, that trial counsel informed the military judge during the guilty plea that Attachment (2) had 13 pages and that Attachment (4) had 25 pages. Appellant therefore argues that he cannot be sure that the attachments to the stipulation are the same

attachments admitted during Appellant's court-martial, and maintains that the record is incomplete.

On 8 June 2023, the Government submitted their answer to Appellant's brief, and argued that the record of trial was complete as the stipulation of fact and its four attachments in the record of trial is what was admitted during the court martial. In support of this, the Government submitted a motion to attach declarations by (1) Captain JG, trial counsel in Appellant's court-martial, dated 5 June 2023; and (2) SSgt BS, the noncommissioned officer of the Hill Air Force Base legal office, dated 2 June 2023. The Government argues that the attachment of these documents is both relevant and necessary for the court's review of the record in light of Appellant's assignment of error alleging the ROT is incomplete. On 20 June 2023, we granted the Government's motion to attach. We find that a discrepancy as to what attachments to the stipulation of fact were admitted during Appellant's court-martial as compared to the attachments contained in the ROT still exists despite the declarations submitted by the Government.

We have reviewed Appellant's second issue, the Government's answer and motion in response to this issue, applicable case law and Rules for Courts-Martial (R.C.M.), and determine that Appellant's case should be returned pursuant to R.C.M. 1112 to ensure the ROT contains the complete stipulation of fact admitted as Prosecution Exhibit 1.

Accordingly, it is by the court on this 27th day of June 2023,

**ORDERED:**

The record of trial in Appellant's case is returned to the Chief Trial Judge, Air Force Trial Judiciary, under R.C.M. 1112(d) to correct the record regarding the contents of Prosecution Exhibit 1 admitted at Appellant's court-martial. *See* Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1112(d)(2)–(3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

The record of trial will be returned to the court not later than **28 July 2023** unless a military judge or this court grants an enlargement of time for good cause shown. The Government will inform the court in writing not later than

**21 July 2023** of the status of the Government's compliance with this order, unless the record of trial has already been returned to the court by that date.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court